**EXCESS COMMERCIAL GENERAL<br>LIABILITY COVERAGE FORM**



Liberty Mutual
Insurance Group/Boston

### Liberty Mutual Insurance Company

### (A Mutual Insurance Company, herein called the Company)

We are the **LIBERTY MUTUAL INSURANCE COMPANY** and are chartered as a mutual insurance company;

You as a policyholder are a member of our company.

You are entitled to vote, either in person or through your proxy, at any or all of our Company meetings. We hold our annual meetings at our Home Office in Boston, Massachusetts each year on the third Wednesday of April. Our meetings begin at ten o'clock in the morning (10:00 A.M.), local Boston time.

As a member of our Company, you shall participate in the distribution of any dividends declared by us for this Policy. The amount of your participation is determined by the decision of our Board of Directors in compliance with any laws that apply.

This policy is classified for dividend purposes in Dividend Class I - General Class.

**IN WITNESS WHEREOF,** we have caused this Policy to be signed by our President and Secretary at Boston, Massachusetts. But this Policy is not valid unless countersigned on the DECLARATIONS page by our duly authorized representative.

*[signature]*      *[signature]*
SECRETARY            PRESIDENT

GPO 4254
Ed. (09/90)



EXHIBIT A



Liberty Mutual Insurance Group/Boston

## IMPORTANT NOTICE

To obtain information or make a complaint:

You may contact Liberty Mutual at:

2100 WALNUT HILL LANE
P.O. BOX 152067
IRVING, TX 75015-2067
TELEPHONE (972)-550-7899

You may call Liberty Mutual's toll-free telephone number for information or to make a complaint at:

1-800-225-2390
EXTENSION - 41015

You may contact the Texas Department of Insurance to obtain information on companies, coverages, rights or complaints at:

1-800-252-3439

You may write the Texas Department of Insurance

P.O. Box 149104
Austin, TX 78714-9104
FAX #(512) 475-1771

### PREMIUM OR CLAIM DISPUTES:

Should you have a dispute concerning your premium or about a claim you should contact the agent or the company first. If the dispute is not resolved, you may contact the Texas Department of Insurance.

### ATTACH THIS NOTICE TO YOUR POLICY:

This notice is for information only and does not become a part or condition of the attached document.

GPO 4170 R1

# NOTICE OF THE AVAILABILITY OF LOSS CONTROL INFORMATION

Insurers writing Liability Insurance in Texas are required by law to provide loss control information to policyholders.

The term "information" may include, but is not limited to, loss data, and the results of analysis of that data; training materials; selection of appropriate loss control measures to include record keeping and recommendations resulting from surveys of policyholders and facilities.

If you desire the assistance offered above you can contact our Loss Prevention Help Desk at (972) 550-7899x2100. If no request for service is received, then this offer is considered declined.

GPO 4839
(2/26/04)

LIBERTY MUTUAL INSURANCE COMPANY

EXCESS COMMERCIAL GENERAL
LIABILITY DECLARATIONS



LIBERTY MUTUAL INSURANCE
GROUP/BOSTON

THIS IS AN EXCESS POLICY
PLEASE READ IT CAREFULLY

| ACCOUNT | SUB-ACCT. NO. | | | | | SELF-INSURED AMOUNT: $ 50,000 | | | |
|---|---|---|---|---|---|---|---|---|---|
| 00 50 29 | 0002 | | | | | | | | |
| POLICY NO. | | TD/CD | SALES OFFICE | CODE | SALES REPRESENTATIVE | | CODE | N/R | 1ST YR |
| EB1-641-005029-027 | | 72/8 | Houston | 0198 | Haskell C | | 8767 | 2 | 2004 |

Item 1.   Named Insured   Basic Energy Services, LP   Franchise No. 8744
                         and as per Endorsement 1
         Address          400 North Big Spring
                         Midland, TX 79701-0460

         First Named Insured:   Basic Energy Services, LP

         The named insured is:   ☐ Individual,   ☒ Partnership,   ☐ Corporation,   ☐ Other

         Business of named insured is:   Exploration & Production

Item 2.   Policy Period From   Mo. 08   Day 01   Year 2007   to   Mo. 08   Day 01   Year 2008
         12:01 A.M., standard time at the address of the insured as stated herein.

Item 3.   In return for the payment of the premium, and subject to all the terms of this policy, we agree with you to provide the insurance as stated in this policy.

         **LIMITS OF INSURANCE STATED BELOW ARE EXCESS OF THE SELF INSURED AMOUNTS**
         GENERAL AGGREGATE LIMIT (Other Than Products - Completed Operations)   $ 1,950,000
         PRODUCTS-COMPLETED OPERATIONS AGGREGATE LIMIT                           $ 1,950,000
         BODILY INJURY AND PROPERTY DAMAGE LIABILITY                             $   950,000   each occurrence
         FIRE DAMAGE LIMIT                                                       $    50,000   any one fire
         PERSONAL and ADVERTISING INJURY LIMIT                                   $   950,000   each person/
                                                                                              each organization

Item 4.   SELF INSURED AMOUNT
         The Self-Insured Amount is $ 50,000   each Occurrence, Claim, Accident, Person or Organization, Disease
         or other basis stated in the policy, whichever applies.

| Item 5. PREMIUM | Code | Premium Basis | Rates | Annual Premium |
|---|---|---|---|---|
| Classifications or Locations | No | Manhours | per 100 | |
| All Operations of the Named Insured | 98150 | 12,250,000 | 10.4265 | 1,277,246 |

         MINIMUM PREMIUM  $                              TOTAL ANNUAL PREMIUM   $ 1,277,246
                                                         DEPOSIT PREMIUM        $

         Audit Basis:  ☒ At Expiration   ☐ Annual   ☐ Semi-Annual   ☐ Quarterly   ☐ Monthly   ☐ Flat Charge

         The declarations are completed on the schedules designated Item 5 Declarations Extension Schedules

This policy, including all endorsements herewith, is hereby countersigned by

_____
Authorized Representative

N*1N00

| LOC. CODE | TYPED | PERIODIC PAYMENT | RATING BASIS | AUDIT BASIS | HOME STATE | POL. H. G. | RENEWAL OF |
|---|---|---|---|---|---|---|---|
| 6 | mjs 9/11/07 | $ | N/R | 1 | TX | S - ☐ | EB1-641-005029-026 |

GPO 4250 R2
(1-1-90)




## SCHEDULE OF FORMS AND ENDORSEMENTS

| FORM NUMBER | FORM NAME | CURRENT END. SERIAL NO. | EXPIRING END. SERIAL NO./COMMENTS |
|---|---|---|---|
| GPO 4170 R1 | Notice to Policyholder | | |
| GPO 4839 | Notice to Policyholder | | |
| GPO 4250 R2 | Excess Commercial General Liability Declarations | | |
| LN 9905 0705 | Broad Form Named Insured | 1 | 1 |
| LC 9912 0605 | Composite Rate Endorsement | 2 | 2 |
| LA 0422 0506 | Employee Benefits Liability Coverage | 3 | 3 |
| LC 2123 0605 | Nuclear Energy Liability Exclusion | 4 | 4 |
| LC 2129 0605 | Employment-Related Practices Exclusion | 5 | 5 |
| LC 2101 0605 | Asbestos Exclusion Endorsement | 6 | 6 |
| LC 2121 0605 | Designated Professional Services Exclusion | 7 | 7 |
| LC 9901 0605 | Notice of Occurrence | 8 | 8 |
| LC 9903 0605 | Unintentional Failure to Disclose | 9 | 9 |
| LC 9902 0605 | Knowledge of Occurrence | 10 | 10 |
| LA 2412 0506 | Waiver of Transfer of Rights of Recovery Against other to us | 11 | 11 |
| LA 2508 1005 | Supplementary Payments/Allocated Loss Adjustment Expense | 12 | 33 |
| LC 2201 0605 | Underground Resources and Equipment Coverage | 13 | 13 |
| LN 0401 0605 | Nonowned Watercraft Amended | 14 | 14 |
| LN 2903 0605 | Bodily Injury Redefined | 15 | 15 |
| LC 2104 0605 | Discrimination Exclusion | 16 | 16 |
| LC 2106 0605 | Lead Exclusion | 17 | 17 |
| LC 0404 0605 | Bodily Injury to Co-Employees Coverage | 18 | 18 |
| CG 0224 1093 | Earlier Notice of Cancellation Provided by Us | 19 | 19 |
| LC 2502 0206 | Amendment-Non-Cumulation of Liability | 20 | 20 |
| LC 2143 1005 | Exclusion-Violation of Statutes that Govern E-Mails, Fax, Phone calls, or other Methods of Sending Material or Information | 21 | 21 |
| LC 2142 0605 | Electromagnetic Fields and Electromagnetic Radiation Exclusion | 22 | 22 |
| LC 2139 0605 | Radioactive Matter Exclusion Endorsement | 23 | 23 |
| LC 2138 0605 | PCB Exclusion Endorsement | 24 | 24 |
| LC 2122 0605 | Fungi or Bacteria Exclusion | 25 | 25 |
| LC 2605 0605 | Total Pollution Exclusion with a Building Heating, Cooling and Dehumidifying Equipment Exception and A Hostile Fire Exception | 26 | 26 |
| LC 0409 0605 | Damage to Premises Rented to You Coverage | 27 | 27 |
| LC 0401 0605 | Reasonable Force | 28 | 28 |
| LC 2135 0605 | Failure to Supply Exclusion | 29 | 29 |
| LC 2145 0106 | Exclusion of Certified Acts of Terrorism | 30 | 30 |
| LC 3203 0605 | Alaska Exclusion of Certified Acts of Terrorism | 31 | 31 |
| LU 3108 0106 | State Application of Terrorism Endorsements – TRIA Rejected, Domestic Covered | 32 | 32 |
| LA 2453 1006 | Amendment Contractual Liability | 33 | New |
| LC 0405 0605 | Contractual Liability – Railroads | 34 | New |
| LA 2163 1006 | Additional Insured-Primary Insurance Subject to Self Insured Retention | 35 | New |
| LA 0467 1006 | In Rem Endorsement | 36 | New |
| LA 0414 0106 | Well Servicing & Drilling Worksite Coverage for Described Autos Only | 37 | New |
| LC 2001 0605 | Additional Insured Designated Person or Organization | 38 | New |

For Attachment to
Policy No.   EB1-641-005029-027

## SCHEDULE OF FORMS AND ENDORSEMENTS

| FORM NUMBER | FORM NAME | CURRENT END. SERIAL NO. | EXPIRING END. SERIAL NO./COMMENTS |
|---|---|---|---|
| LA 9950 0906 | Joint Venture Coverage | 39 | New |
| LU 0001 0605 | Excess Commercial General Liability Coverage Form | | |
| GPO 4254 | Dividend Class | | |

The following endorsements were not continued from the expiring policy:

| FORM NUMBER | FORM NAME | END. SERIAL NO. | COMMENTS |
|---|---|---|---|
| LC 2019 0605 | Blanket Additional Insured | 12 | Delete |
| LEW 260 R3 | Change Endorsement | 41 | Delete |
| 2318 | Change Endorsement | 42 | Delete |
| LEW 260 R3 | Change Endorsement | 43 | Delete |
| 2318 | Change Endorsement | 44 | Delete |
| LEW 260 R3 | Change Endorsement | 45 | Delete |
| LEW 260 R3 | Change Endorsement | 46 | Delete |

For Attachment to
Policy No.   EB1-641-005029-027

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

BROAD FORM NAMED INSURED ENDORSEMENT

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE FORM
EXCESS COMMERCIAL GENERAL LIABILITY COVERAGE FORM

1. The term Named Insured includes in addition to the person or organization designated in the Declarations as the First Named Insured:

   a. See Attached Schedule

   but only while the First Named Insured directly or indirectly owns, during the policy period, an interest therein of more than 50% (fifty percent); and

   b. subject to 1.a. above, any other organization (except for a partnership or joint venture) incorporated or organized under the laws of the United States of America or its states, territories or possessions, Puerto Rico, Canada or its provinces, but only while the First Named Insured or any of the Named Insureds in 1.a. above directly or indirectly owns, during the policy period, an interest therein of more than 50%. But:

   None of the above-designated persons or organizations is a Named Insured with respect to:

   (1) "bodily injury" or "property damage" that occurred, or

   (2) "personal and advertising injury" caused by an offense or a series of related offenses committed,

   prior to the ownership interests described in Item 1.a or b above.

   A partnership or joint venture is not a Named Insured unless it is shown in 1.a. above. No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in 1.a. above or for any limited liability company that is not a Named Insured.

2. Paragraph 3. of SECTION II - WHO IS AN INSURED is deleted.

3. The First Named Insured is authorized to act and agrees to act on behalf of all persons or organizations insured under this policy with respect to all matters pertaining to the insurance afforded by the policy.

This endorsement is executed by the LIBERTY MUTUAL INSURANCE COMPANY

Premium $
Effective Date                    Expiration Date
For attachment to Policy No.      EB1-641-005029-027
Audit Basis

Issued To

*Dexter R. Jay*                   *[signature]*
SECRETARY                         PRESIDENT

                     Countersigned by _____
                                      Authorized Representative

Issued            Sales Office and No.            End. Serial No. 1

LN 99 05 07 05

## Schedule of Named Insured

1. Ackerly Service Co., Inc.
2. Arkla Cementing, A division of Basic Energy Services, L.P
3. B&B Disposal Service, Inc.
4. Basic Energy Services, Inc.
5. Basic Energy Services GP, LLC
6. Basic Energy Services LP, LLC
7. Basic Energy Services, LP
8. Basic Energy Services, LP dba New Force Energy Services
9. Basic Energy Services, LP dba CJS Pinnacle Well Servicing
10. Basic Energy Services, LP dba Basin Well Servicing
11. Basic Energy Services, LP dba Deep Rock Brine & SWD
12. Basic Energy Services, LP dba Enviro-Vat
13. Basic Energy Services, LP dba Fish Oilwell Services
14. Basic Energy Services, LP dba Golden Rule Well Servicing
15. Basic Energy Services, LP dba Mas-Tech Energy Services
16. Basic Energy Services, LP dba Mansell Brine Sales
17. Basic Energy Services, LP dba Real Well Servicing
18. Basic Energy Services, LP dba Tommy's Well Service
19. Basic Energy Services, LP dba B&F Well Servicing
20. Basic Energy Services, LP dba Wester Services
21. Basic Marine Services, Inc.
22. G&L Tool, Ltd
23. Harrison Well Servicing, Inc.
24. Lebus Oilfield Services Co.
25. Oil Well Fracturing Services Inc.
26. Sierra Well Service, Inc.
27. TAT (Turn Around Trucking), Inc.
28. TAT (Turn Around Trucking), Inc. II
29. Trans Texas Operating, Inc.
30. First Energy Services Company
31. Schmid Oilfield Service, Inc.
32. K&H Construction, LLC
33. Gane Production Service, Inc.
34. HB&R, Inc.
35. Busha Enterprises, Inc.
36. Coles Water Services, Inc.
37. Western Hot Oil
38. Evergreen Production Services
39. Schmid Health & Safety
40. D&R Investments
41. BES Holding Co.
42. Global Well Service
43. Sledge Drilling Corp.
44. JetStar Energy Services, Inc.

For Attachment to
Policy: EB1-641-005029-027          Page 1A          End. 1

THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY.

COMPOSITE RATE ENDORSEMENT

This endorsement modifies insurance provided under the following:

    COMMERCIAL GENERAL LIABILITY COVERAGE PART
    EXCESS COMMERCIAL GENERAL LIABILITY COVERAGE PART
    GARAGE COVERAGE PART
    LIQUOR LIABILITY COVERAGE PART
    MOTOR TRUCK CARGO COVERAGE PART
    OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
    POLLUTION LIABILITY COVERAGE PART
    PRINTERS LIABILITY COVERAGE PART
    PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
    RAILROAD PROTECTIVE LIABILITY COVERAGE PART
    SPECIAL PROTECTIVE AND HIGHWAY LIABILITY POLICY – NEW YORK
    WAREHOUSEMEN'S LIABILITY COVERAGE PART

The composite rated premium for this policy shall be computed on the following basis:

| Rate | Rate Basis | Exposure Type |
|---|---|---|
| <u>10.4265</u> | ☐ Per 1 | ☐ Sales (Including Foreign) |
| | ☒ Per 100 | ☐ Sales (Excluding Foreign) |
| | ☐ Per 1,000 | ☐ Square Feet |
| | ☐ Other (Defined Below) | ☐ Workers Compensation Payroll |
| | | ☐ General Liability Payroll |
| | | ☒ Other (Defined Below) |

Rate Basis Other means:  Manhours

Exposure Types are defined as:

Sales (Including Foreign) means the gross amount charged by you, your concessionaires or by others trading under your name for all goods or products sold or distributed during the policy period, operations performed during the policy period and rentals both in the United States of America, its territories and possessions and outside the United States of America, its territories and possessions.  Sales includes taxes, foreign exchange discounts, freight allowance to customers, total sales of consigned goods and warehouse receipts, trade or cash discounts, bad debts, and repossessions of items sold on installments.

Sales (Excluding Foreign) means the gross amount charged by you, your concessionaires or by others trading under your name for all goods or products sold or distributed during the policy period, operations performed during the policy period and rentals only in the United States of America, its territories and possessions.  Sales includes taxes, foreign exchange discounts, freight allowance to customers, total sales of consigned goods and warehouse receipts, trade or cash discounts, bad debts, and repossessions of items sold on installments.

LC 99 12 06 05                                                        Page 1 of 2

Square Feet means area, as measured in square feet, of all property you own, lease or rent, including land held for investment, during the policy period.

Workers Compensation Payroll means all payments by you in money, or in substitutes for money during the policy period to all executive officers and other employees for services rendered, subject to any over-time earnings, limitation of remuneration or exception rules applicable in accordance with the Workers Compensation manual in use by the Company.

General Liability Payroll means all payments by you in money, or in substitutes for money, during the policy period to all executive officers and other employees for services rendered, subject to any over-time earnings, limitation of remuneration or exception rules applicable in accordance with the General Liability manual in use by the Company.

Other means: OSHA Recordable Manhours

This endorsement is executed by the LIBERTY MUTUAL INSURANCE COMPANY

Premium $
Effective Date                    Expiration Date
For attachment to Policy No.      EB1-641-005029-027
Audit Basis

Issued To

*Dexter R. Legg*                  *Edmund F. Kelly*
SECRETARY                         PRESIDENT

                    Countersigned by _____
                                        Authorized Representative

Issued              Sales Office and No.       End. Serial No. 2

LC 99 12 06 05                                 Page 2 of 2

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# EMPLOYEE BENEFITS LIABILITY COVERAGE

THIS ENDORSEMENT PROVIDES CLAIMS-MADE COVERAGE.
PLEASE READ THE ENTIRE ENDORSEMENT CAREFULLY.

This endorsement modifies insurance provided under the following:

EXCESS COMMERCIAL GENERAL LIABILITY COVERAGE PART

## SCHEDULE

| Coverage | Limit Of Insurance | | Self-Insured Amount | Premium |
|---|---|---|---|---|
| Employee Benefits Programs | $ 950,000 | each employee | $ 1,000 | $ |
| | $ 950,000 | aggregate | | |
| Retroactive Date: | | | | |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | | | | |

A. The following is added to Section I – Coverages:
**COVERAGE – EMPLOYEE BENEFITS LIABILITY**

1. **Insuring Agreement**

    a. We will pay those sums in excess of the "self-insured amount" that the insured becomes legally obligated to pay as damages because of any act, error or omission, of the insured, or of any other person for whose acts the insured is legally liable, to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for in SECTION VII - SUPPLEMENTARY PAYMENTS/ALLOCATED LOSS ADJUSTMENT EXPENSE. The amount we will pay for damages is limited as described in Paragraph D. (Section III – Limits Of Insurance).

    b. This insurance applies to damages only if:

    (1) The act, error or omission, is negligently committed in the "administration" of your "employee benefit program";

    (2) The act, error or omission, did not take place before the Retroactive Date, if any, shown in the Schedule nor after the end of the policy period; and

    (3) A "claim" for damages, because of an act, error or omission, is first made against any insured, in accordance with Paragraph c. below, during the policy period or an Extended Reporting Period we provide under Paragraph F. of this endorsement.

    c. A "claim" seeking damages will be deemed to have been made at the earlier of the following times:

    (1) When notice of such "claim" is received and recorded by any insured or by us, whichever comes first; or

    (2) When we make settlement in accordance with Paragraph 1.a. above.

    A "claim" received and recorded by the insured within 60 days after the end of the policy period will be considered to have been received within the policy period, if no subsequent policy is available to cover the claim.

    d. All "claims" for damages made by an "employee" because of any act, error or omission, or a series of related acts, errors or omissions, including damages claimed by such "employee's" dependents and beneficiaries, will be deemed to have been made at the time the first of those "claims" is made against any insured.

2. **Exclusions**

    This insurance does not apply to:

a. **Dishonest, Fraudulent, Criminal Or Malicious Act**

Damages arising out of any intentional, dishonest, fraudulent, criminal or malicious act, error or omission, committed by any insured, including the willful or reckless violation of any statute.

b. **Bodily Injury, Property Damage, Or Personal And Advertising Injury**

"Bodily injury", "property damage" or "personal and advertising injury".

c. **Failure To Perform A Contract**

Damages arising out of failure of performance of contract by any insurer.

d. **Insufficiency Of Funds**

Damages arising out of an insufficiency of funds to meet any obligations under any plan included in the "employee benefit program".

e. **Inadequacy Of Performance Of Investment/Advice Given With Respect To Participation**

Any "claim" based upon:

(1) Failure of any investment to perform;

(2) Errors in providing information on past performance of investment vehicles; or

(3) Advice given to any person with respect to that person's decision to participate or not to participate in any plan included in the "employee benefit program".

f. **Workers' Compensation And Similar Laws**

Any "claim" arising out of your failure to comply with the mandatory provisions of any workers' compensation, unemployment compensation insurance, social security or disability benefits law or any similar law.

g. **ERISA**

Damages for which any insured is liable because of liability imposed on a fiduciary by the Employee Retirement Income Security Act of 1974, as now or hereafter amended; or by any similar federal, state or local laws.

h. **Available Benefits**

Any "claim" for benefits to the extent that such benefits are available, with reasonable effort and cooperation of the insured, from the applicable funds accrued or other collectible insurance.

i. **Taxes, Fines Or Penalties**

Taxes, fines or penalties, including those imposed under the Internal Revenue Code or any similar state or local law.

j. **Employment-Related Practices**

Damages arising out of wrongful termination of employment, discrimination, or other employment-related practices.

B. For the purposes of the coverage provided by this endorsement, Paragraphs 2. and 3. of Section II – Who Is An Insured are replaced by the following:

2. Each of the following is also an insured:

a. Each of your "employees" who is or was authorized to administer your "employee benefit program".

b. Any persons, organizations or "employees" having proper temporary authorization to administer your "employee benefit program" if you die, but only until your legal representative is appointed.

c. Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Endorsement.

3. Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if no other similar insurance applies to that organization. However:

a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or the end of the policy period, whichever is earlier.

b. Coverage under this provision does not apply to any act, error or omission that was committed before you acquired or formed the organization.

C. For the purposes of the coverage provided by this endorsement, Section III – Limits Of Insurance is replaced by the following:

1. The Limits of Insurance shown in the Schedule and the rules below fix the most we will pay regardless of the number of:

(a) Insureds;

(b) "Claims" made or "suits" brought;

(c) Persons or organizations making "claims" or bringing "suits";

(d) Acts, errors or omissions; or

(e) Benefits included in your "employee benefit program".

2. The Aggregate Limit is the most we will pay for all damages because of acts, errors or omissions negligently committed in the "administration" of your "employee benefit program".

3. Subject to the Aggregate Limit, the Each Employee Limit is the most we will pay for all damages sustained by any one "employee", including damages sustained by such "employee's" dependents and beneficiaries, as a result of:

   (a) An act, error or omission; or

   (b) A series of related acts, errors or omissions

   negligently committed in the "administration" of your "employee benefit program".

   However, the amount paid under this endorsement shall not exceed, and will be subject to, the limits and restrictions that apply to the payment of benefits in any plan included in the "employee benefit program".

   The Limits of Insurance of this endorsement apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations of the policy to which this endorsement is attached, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits Of Insurance.

D. For the purposes of the coverage provided by this endorsement, Conditions 2. of Section IV – **Commercial General Liability Conditions** is replaced by the following:

   2. **Duties In The Event Of An Act, Error Or Omission, Or "Claim" Or "Suit"**

      a. You must see to it that we are notified as soon as practicable of an act, error or omission which may result in a "claim". To the extent possible, notice should include:

         (1) What the act, error or omission was and when it occurred; and

         (2) The names and addresses of anyone who may suffer damages as a result of the act, error or omission.

      b. If a "claim" is made or "suit" is brought against any insured, you must:

         (1) Immediately record the specifics of the "claim" or "suit" and the date received; and

         (2) Notify us as soon as practicable.

         You must see to it that we receive written notice of the "claim" or "suit" as soon as practicable.

      c. You and any other involved insured must:

         (1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the "claim" or "suit";

         (2) Authorize us to obtain records and other information;

         (3) Cooperate with us in the investigation or settlement of the "claim" or defense against the "suit"; and

         (4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of an act, error or omission to which this insurance may also apply.

      d. No insured will, except at that insured's own cost within the "self-insured amount" amount, voluntarily make a payment, assume any obligation or incur any expense without our consent.

E. For the purposes of the coverage provided by this endorsement, the following Extended Reporting Period provisions are added, or, if this endorsement is attached to a claims-made Coverage Part, replaces any similar Section in that Coverage Part:

   **EXTENDED REPORTING PERIOD**

   1. You will have the right to purchase an Extended Reporting Period, as described below, if:

      a. This endorsement is canceled or not renewed; or

      b. We renew or replace this endorsement with insurance that:

         (1) Has a Retroactive Date later than the date shown in the Schedule of this endorsement; or

         (2) Does not apply to an act, error or omission on a claims-made basis.

   2. The Extended Reporting Period does not extend the policy period or change the scope of coverage provided. It applies only to "claims" for acts, errors or omissions that were first committed before the end of the policy period but not before the Retroactive Date, if any, shown in the Schedule. Once in effect, the Extended Reporting Period may not be canceled.

   3. An Extended Reporting Period of five years is available, but only by an endorsement and for an extra charge.

      You must give us a written request for the endorsement within 60 days after the end of the policy period. The Extended Reporting Period will not go into effect unless you pay the additional premium promptly when due.

      We will determine the additional premium in accordance with our rules and rates. In doing so, we may take into account the following:

      a. The "employee benefit programs" insured;

      b. Previous types and amounts of insurance;

      c. Limits of insurance available under this endorsement for future payment of damages; and

      d. Other related factors.

The additional premium will not exceed 100% of the annual premium for this endorsement.

The Extended Reporting Period endorsement applicable to this coverage shall set forth the terms, not inconsistent with this Section, applicable to the Extended Reporting Period, including a provision to the effect that the insurance afforded for "claims" first received during such period is excess over any other valid and collectible insurance available under policies in force after the Extended Reporting Period starts.

4. If the Extended Reporting Period is in effect, we will provide an extended reporting period aggregate limit of insurance described below, but only for claims first received and recorded during the Extended Reporting Period.

The extended reporting period aggregate limit of insurance will be equal to the dollar amount shown in the Schedule of this endorsement under Limits of Insurance.

Paragraph D.1.b. of this endorsement will be amended accordingly. The Each Employee Limit shown in the Schedule will then continue to apply as set forth in Paragraph D.1.c.

F. For the purposes of the coverage provided by this endorsement, the following definitions are added to the **Definitions** Section:

1. "Administration" means:

   a. Providing information to "employees", including their dependents and beneficiaries, with respect to eligibility for or scope of "employee benefit programs";

   b. Handling records in connection with the "employee benefit program"; or

   c. Effecting, continuing or terminating any "employee's" participation in any benefit included in the "employee benefit program".

   However, "administration" does not include handling payroll deductions.

2. "Cafeteria plans" means plans authorized by applicable law to allow employees to elect to pay for certain benefits with pre-tax dollars.

3. "Claim" means any demand, or "suit", made by an "employee" or an "employee's" dependents and beneficiaries, for damages as the result of an act, error or omission.

4. "Employee benefit program" means a program providing some or all of the following benefits to "employees", whether provided through a "cafeteria plan" or otherwise:

   a. Group life insurance, group accident or health insurance, dental, vision and hearing plans, and flexible spending accounts, provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to those "employees" who satisfy the plan's eligibility requirements;

   b. Profit sharing plans, employee savings plans, employee stock ownership plans, pension plans and stock subscription plans, provided that no one other than an "employee" may subscribe to such benefits and such benefits are made generally available to all "employees" who are eligible under the plan for such benefits;

   c. Unemployment insurance, social security benefits, workers' compensation and disability benefits;

   d. Vacation plans, including buy and sell programs; leave of absence programs, including military, maternity, family, and civil leave; tuition assistance plans; transportation and health club subsidies; and

   e. Any other similar benefits designated in the Schedule or added thereto by endorsement.

G. For the purposes of the coverage provided by this endorsement, the following definitions in the **Definitions** Section are replaced by the following:

"Employee" means a person actively employed, formerly employed, on leave of absence or disabled, or retired. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

"Suit" means a civil proceeding in which damages because of an act, error or omission to which this insurance applies are alleged. "Suit" includes:

a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

This endorsement is executed by the LIBERTY MUTUAL INSURANCE COMPANY

Premium  $
Effective Date                Expiration Date
For attachment to Policy No.  EB1-641-005029-027
Audit Basis

Issued To

SECRETARY                                      PRESIDENT

                            Countersigned by  _____
                                                  Authorized Representative
Issued                      Sales Office and No.        End. Serial No. 3

LA 04 22 05 06                                                  Page 5 of 5